NELLIE G. MIDDLETON, as Administratrix, etc., of LEWIS MIDDLETON, Deceased, Appellant, *v.* FREDERICK W. WHITRIDGE, as Receiver of the THIRD AVENUE RAILROAD COMPANY, Respondent.

First Department, June 4, 1920.

Street railways — negligence — failure of street car conductor to cause removal of passenger who became ill — duty of conductor in such case — erroneous charge — verdict.

Statutory action brought to recover for the death of plaintiff's intestate alleged to have been caused by the negligence of the defendant, a street railroad company, in continuing to carry the intestate as a passenger long after it was apparent or would have been apparent by the exercise of reasonable care on the part of those in charge of the defendant's car that the intestate was seriously ill and in need of medical treatment, which if properly rendered might have saved his life.   On a prior appeal it was held by the Court of Appeals that a dismissal of the complaint was error, there being issues for the jury.   On the new trial it appeared, as upon the former trial, that the intestate, who showed no signs of illness or intoxication when he boarded the car, had been carried back and forth on said car for approximately five hours, when a policeman was summoned and he was removed in a totally unconscious condition.   It also appeared that the rules of the defendant required conductors, in case a passenger became sick or helpless, to call a policeman or inspector and have such passenger taken from the car.

*Held*, that although the court properly .charged according to the prior
  decision of the Court of Appeals, it was error to make an additional
  charge to the effect that the defendant would not be liable if in the
  opinion of those in charge of the car the decedent was drunk, and in that
  belief thought it best to keep him on the car on the return trip to give
  him air, etc.

Under the circumstances, the plaintiff was entitled to a charge to the effect
  that the duty of the defendant to the decedent after he became ill was
  not excused or lessened because its servants assumed honestly, but
  without investigation, that the deceased was drunk and that the case
  turned, not on what the defendant's servants assumed or thought, but
  on what they should, in the exercise of reasonable prudence, have done
  in the light of the facts which were brought to their notice.

As there was no special finding by the jury so that although they may
  have found the defendant negligent they may also have found that such
  negligence was not the proximate cause of the death, a verdict for the
  defendant cannot stand and a new trial will be ordered in which there
  should be special findings on the issues, as well as a general verdict.

CLARKE, P. J., dissents.

APPEAL by the plaintiff, Nellie G. Middleton, as adminis-
tratrix, etc., from a judgment of the Supreme Court in favor
of the defendant, entered in the office of the clerk of the
county of New York on the 13th day of October, 1915, upon
the verdict of a jury, and also from an order entered in said
clerk's office on the 12th day of August, 1915, denying the
plaintiff's motion for a new trial made upon the minutes.

*Frederick N. Van Zandt* of counsel [*R. A. Mansfield Hobbs*,
attorney], for the appellant.

*J. Ralph Hilton* of counsel [*Alfred T. Davison*, attorney;
*E. Crosby Kindleberger* with him on the brief], for the
respondent.

LAUGHLIN, J.:

This is a statutory action (Code Civ. Proc. § 1902 *et seq.*) to
recover for the death of Lewis Middleton alleged to have been
caused by the negligence of the defendant in continuing to carry
him on a car on which he was a passenger after it was apparent
to defendant's employees in charge of the car or would have been
apparent to them if they had exercised reasonable care and cau-
tion that he was seriously ill and in need of medical treatment,

it being claimed by the plaintiff that if when his condition of serious illness became so apparent to the defendant's employees in charge of the car or would have become so apparent to them had they exercised reasonable care and prudence, he had been removed from the car and placed in the custody of a police officer or other person who might have summoned medical aid, he would have lived.   On a former trial plaintiff recovered a verdict for $20,000, but on an appeal from the judgment entered thereon this court reversed the judgment and dismissed the complaint on the grounds that the evidence did not show that the defendant was guilty of any breach of duty to the decedent and that it was wholly speculative as to whether he would have survived the illness if he had been sooner removed from the car.   (*Middleton* v. *Whitridge,* 156 App. Div. 154.)   The Court of Appeals, however, was of opinion that on both of these issues a question of fact for the consideration of the jury was presented, and the judgment of this court was reversed and a new trial granted.   (213 N. Y. 499.)

On the new trial the evidence presented is substantially the same as on the former trial with the exception that the plaintiff presented further evidence showing that the conductors and motormen employed by the defendant were instructed to make a verbal report to the first inspector starter or official with whom they came in contact on their route with respect to any accident, mishap or blockade of any kind, and in case a passenger became sick or helpless upon a car, the conductors were instructed to call the first policeman or inspector, and that if no policeman or inspector was at hand, to use their own judgment, and were instructed to call a policeman when there was an accident or when a passenger was sick or drunk and they wanted to get rid of him to avoid trouble, and that if a passenger became sick or helpless it was the duty of the conductors to call the nearest policeman and to have the passenger taken off.   The decedent boarded an open, northbound car at Amsterdam avenue and One Hundred and Fortieth street at two-forty or two-forty-five P. M. on the 24th day of May, 1910, and paid his fare and then showed no evidence of illness or intoxication and he was carried on the car to Fort George and thence back down to the post

office and up again to Fort Geroge and back to the car barn at Third avenue and One Hundred and Twenty-ninth street. He was then totally unconscious and he had been carried on the car approximately five hours, and it was about seven-forty-five P. M., and a policeman was summoned and he was removed from the car by the policeman and two employees of the defendant. The other facts with respect to the decedent's apparent condition throughout this period and with respect to the attention of the conductors and inspectors having been drawn thereto, are substantially the same as stated in the opinions on the former appeals and need not now be restated. The Court of Appeals held that where a passenger becomes sick or unable to take care of himself during his journey, it is the duty of the employees of the carrier on discovering his apparent illness or helplessness to exercise reasonable care to determine whether his condition is such that he is in need of medical attention and to give him such reasonable care as the circumstances permit, and that if they knew or should have known in the exercise of reasonable care that he was too ill to remain on the car with safety to himself, it was their duty, if practicable, to remove him from the car and to put him in the custody of an officer, and that the performance of this duty is not excused by the conductor's honestly assuming, without any investigation, that the passenger was drunk, and that the liability of the defendant depends not on what the conductor assumed or thought but upon what a man of ordinary prudence occupying the position of the conductor should have done in the light of the facts brought to his attention, and that even though a conductor acting with reasonable prudence at first might have assumed that the condition of the decedent was due to intoxication, he should have borne in mind that the passenger on boarding the car exhibited no evidence of intoxication and that there was no odor of liquor about him and, in effect, that the first erroneous impression that the passenger was intoxicated did not in the light of the actions and appearance of the passenger thereafter during this long period exonerate the defendant on the theory that the conductor was only bound to exercise reasonable care on his erroneous assumption that the condition of the passenger was due to intoxication,

and that the jury was warranted in finding, in view of the apparent helpless condition of the decedent before the car reached the post office and after he had been on it some two hours, that the defendant failed to perform the duty owing to the decedent. It cannot be said, however, that the Court of Appeals intended to hold on the material facts, which were uncontroverted, that as a matter of law defendant failed to perform the duty owing to the decedent, for after thus stating the duty of the defendant, the court, in deciding whether or not it was necessary to remit the case to this court to consider the weight of the evidence, held that it was unnecessary so to do inasmuch as errors prejudicial to the defendant were made upon the trial and in the submission of the case to the jury, one of which was the refusal of the court to instruct the jury that if the employees of the defendant acted with reasonable care in permitting the decedent to ride upon the car on its first trip downtown, then the defendant was entitled to a verdict. That request, in so far as it limited the liability to the trip downtown, was based upon the medical testimony which the Court of Appeals held was insufficient to require it to be left to the jury as to whether the decedent would have lived if he had been removed from the car at any time *after* it started on its uptown course from the post office.

The learned trial court repeatedly instructed the jury in accordance with the decision of the Court of Appeals, but charged erroneously, I think, with respect to the effect to be given to the conductor's original diagnosis of the decedent's condition as due to intoxication; and on attention being drawn thereto, by counsel for the plaintiff, failed to correct the error. The court instructed the jury that if when the car reached Fort George the first time the decedent had to the conductor the appearance of a man who was drunk, and the conductor used such ordinary care and prudence as would be expected under the circumstances, and his opinion that the decedent was drunk was confirmed by the starter who stated that the best thing for him to do would be to take the decedent downtown and give him some air, " and that he believed he was drunk during the whole trip up to the time he was finally removed from the car at the car stables, if that man honestly believed that, and if in honesty believing that

he exercised the reasonable, ordinary care which was to be expected from an ordinarily prudent man under all of the circumstances, then he exercised proper care and this company would not be liable." The learned trial court thereupon, however, again correctly stated the rule of the defendant's liability by charging that the issues depended upon whether under all the circumstances of the case the jury believed that the persons in charge of the car and of the decedent acted as ordinarily prudent men should have acted or would have acted, and that if the jury believed that they did, then the defendant was not liable, but if as men of ordinary prudence, in the exercise of reasonable care, they should have discovered that the decedent was sick at any time before they reached Sixty-fifth street on the return trip, it was their duty to remove the decedent from the car and have him placed in competent hands so that he might look out for his own safety or that he might be looked after properly, and that the first question for the jury to determine was, did the conductor and the other employees of the defendant act with reasonable care and prudence in acting as they did, and if they did, there was no liability, and if they did not, defendant would be liable so far as that branch of the case was concerned. The learned court evidently misapprehended the evidence with respect to the starter for the statement attributed to him in the charge was made by the starter when the car arrived at Fort George the *second* time. When the car arrived at Fort George the first time, the starter was consulted by the conductor and the conductor was advised by him, and in so advising him the starter relied entirely on the statements of the conductor and did not enter the car to observe the decedent's condition. That error doubtless would have been corrected had attention been drawn thereto by counsel. At the close of the charge counsel for the plaintiff referred to the instructions so given by the court with respect to the *honest belief* of the conductor concerning the cause of the decedent's condition and stated to the court that he did not think the court meant to instruct the jury that if the conductor honestly believed that the decedent was drunk and thereafter, in the light of that fact, acted prudently, defendant would not be liable, whereupon

the court said: " No, I mean just this and I will say in relation to that, that if the conductor acted honestly in his belief and that in so acting he exercised all of the care and prudence which you will say an ordinarily prudent man should have exhibited at that time, then the defendant would not be liable.   That is what I meant to say."   It will be observed that the instructions so given by the court apparently left the defendant's liability to depend on whether having erroneously assumed that the decedent was intoxicated, the conductor on that assumption exercised reasonable care.   Counsel for the plaintiff thereupon addressed the court as follows: " If I may, if you Honor please, in order that there be no misapprehension about that, will your Honor charge the jury that the duty of the defendant to the deceased after he became ill during his journey on its car is not excused or lessened in any way because its servants assumed, honestly but without any investigation, that the deceased was drunk, that this case turns not on what the defendant's servants assumed or thought but on what they should in the exercise of reasonable prudence have done in the light of the facts which were brought to their notice."   Before awaiting a ruling by the court on this question, counsel for the defendant informed the court that he would except if the court so charged, and thereupon the court said: " I think I have charged substantially the law on that subject and I will give you an exception if you desire."   Counsel for plaintiff in reply to the court's offer, said, " Very well."   It must, therefore, be deemed that the plaintiff duly excepted to the failure of the court to instruct the jury as requested.   I am of the opinion that in the circumstances the plaintiff was entitled to the instruction so requested, which follows the decision of the Court of Appeals.

There is no special finding and, therefore, it may be that the jury found that the defendant was negligent but that such negligence was not the proximate cause of the death. These two important issues of fact having been submitted to the jury and a general verdict only having been rendered, if there was error with respect to either, the judgment entered on the verdict cannot be permitted to stand.   On the new trial which becomes necessary there should be special findings on these issues as well as a general verdict.   It follows that

the judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

DOWLING, PAGE and GREENBAUM, JJ., concur; CLARKE, P. J., dissents.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.